IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BIONIX DEVELOPMENT CORPORATION,  :
                                 :
            Plaintiff,           :    CIVIL ACTION
                                 :
    v.                           :    No. 07-cv-4465
                                 :
SKLAR CORPORATION,               :
                                 :
            Defendant.           :

**MEMORANDUM AND ORDER**

**Joyner, J.**                              **October 14, 2009**

    Before the Court is Defendant's Motion to Dismiss Count II
of Plaintiff's Second Amended Complaint for Failure to State a
Claim (Doc. No. 99) pursuant to Federal Rule of Civil Procedure
12(b)(6), and responses thereto (Doc. Nos. 108, 114, 117).  For
the reasons set forth in this Memorandum, the Court grants
Defendant's Motion in part and denies in part.

**I. BACKGROUND[1]**

    Plaintiff, Bionix Development Corporation ("Bionix"),
develops, manufactures, and sells a variety of plastic ear
curettes.  These ear curettes are designated as surgical

---

    [1] In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual
allegations are viewed in the light most favorable to the non-moving party.
Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations
omitted).

instruments and are used by physicians to remove wax from the
outer ear canal so that physicians can view the ear drum or canal
and observe them for any problems.  Bionix owns U.S. Design
Patent Numbers D415,275; D420,133; D439,338; D449,888 and
D450,676 which cover the designs of its curettes.  Defendant,
Sklar Corporation ("Sklar"), also manufactures ear curettes.

On July 15, 2003, Bionix sued Sklar, in the United States
District Court for the Northern District of Ohio for design
patent infringement, trade dress infringement and unfair
competition in connection with the sale of Sklar's ear curettes.
Bionix believed that Sklar was selling a variety of plastic ear
curettes which infringed on its patents.

The parties voluntarily entered into a settlement agreement
on October 22, 2004 ("2004 Settlement Agreement"). Meaningful
settlement negotiations took place between the parties August 3,
2004 through October 22, 2004.  In the 2004 Settlement Agreement
it states:

1.  Commitments by Sklar.  Sklar, on behalf of itself and
its partners, joint ventures, and affiliates agrees that:

(a) Sklar will not manufacture, import, offer to sell
or sell any plastic ear curette that has a notch in the
handle . . . .

(b) The parties agree that Sklar may continue to sell

its entire line of ear curettes as such curettes are

presently manufactured and sold in the color white, but

without the notch . . . .

        (c) Except to the extent of the activities permitted in

sections 1(a) and (b), Sklar agrees that it will not

directly infringe, contributorily infringe, induce

infringement of the patents, or infringe the tradedress of

Bionix.

Plaintiff's Second Amended Complaint Exhibit H.


        On October 24, 2007, Bionix sued Sklar again alleging patent

infringement.  The complaint also included a breach of contract

claim based on Sklar's outsourcing of certain curettes to India,

a fraudulent misrepresentation claim and a fraudulent non-

disclosure claim based on Sklar's failure to disclose its Indian

outsourcing to Bionix during settlement negotiations in 2003 and

2004.

        On January 8, 2008, Bionix filed a motion to amend its

complaint.  The Court denied Bionix leave to amend any fraudulent

non-disclosure claims, but granted Bionix's request to amend its

fraudulent misrepresentation and breach of contract claims.  The

Court advised Bionix that a fraudulent misrepresentation claim

must state with particularity the circumstances constituting

fraud under Federal Rule of Civil Procedure 9(b).

On March 5, 2008, Sklar filed a motion to dismiss Count Two
of the Amended Complaint.  However, the Court stayed Sklar's
motion to dismiss in order to allow limited discovery regarding
the breach of contract claim.  Then on May 22, 2009, Bionix filed
a motion for leave to file a second amended complaint.  In July
2009, this Court granted Bionix's request for leave to file a
second amended complaint and dismissed Sklar's Motion to Dismiss
Count II of the Amended Complaint as moot.  Sklar then filed its
present Motion to Dismiss Count II of the Second Amended
Complaint on August 24, 2009.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint
should be dismissed if the plaintiff has failed to state a claim
on which relief can be granted.  In evaluating a motion to
dismiss, the court must take all well-pleaded factual allegations
as true, but it is not required to blindly accept "a legal
conclusion couched as a factual allegation."  Papasan v. Allain,
478 U.S. 265, 283 (1986); Phillips v. County of Allegheny, 515
F.3d 224, 233 (3d Cir. 2008).  "To survive a motion to dismiss, a
civil plaintiff must allege facts that 'raise a right to relief
above the speculative level . . . .'" Phillips, 515 F.3d at 232
(quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007)).
Although a plaintiff is not required to plead detailed factual

allegations, the complaint must include enough facts to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Additionally, under Federal Rule of Civil Procedure 9(b), pleadings alleging fraud must, "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires the plaintiff to go beyond the minimal pleading requirements of Federal Rule of Civil Procedure 8(a) when pleading fraud.  However, "malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Id.  The Third Circuit Court of Appeals has interpreted Rule 9(b) to require the plaintiff to plead either the date, place or time of the fraud or through alternative means give precision and some measure of substantiation to its allegations of fraud.  Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004).

### III. Discussion

Plaintiff's fraudulent misrepresentation claim is dismissed for failing to meet the requirements of Federal Rule of Civil Procedure 9(b).  However, Plaintiff's negligent misrepresentation claim is sufficient to withstand a motion to dismiss.

**A.   Federal Rule of Civil Procedure 9(b)**

Plaintiff's fraudulent misrepresentation claim does not

satisfy the specificity requirements of Federal Rule of Civil

Procedure 9(b).  In the Court's January 29, 2008 order, it stated

that Bionx's allegations of fraudulent misrepresentation were too

vague to satisfy the specificity requirements of Rule 9(b)

because Bionix only offered a, "vague notion of the time period

in which [the fraud] occurred, i.e. during negotiations for

settlement."  Doc. No. 30, page 8.  In order to satisfy Rule

9(b), plaintiff must plead with particularity the circumstances

of the alleged fraud in order to place defendant on notice of the

misconduct with which it is charged and to safeguard against

unsubstantiated claims of fraudulent behavior.  Lum, 361 F.3d at

223-24.  In Plaintiff's brief in opposition to this motion, it

states that it first learned of the alleged misrepresentations by

Defendant on March 5, 2008.  Additionally, the Second Amended

Complaint specifies that the alleged fraudulent misrepresentation

by Defendant occurred between August 3 and October 22, 2004

during negotiation of the 2004 Settlement Agreement.  This is a

significantly more narrow time period for the alleged fraudulent

activity than the fifteen month time period that was alleged in

the first Amended Complaint which the Court rejected as too

vague.

     However, Plaintiff has still not satisfied Rule 9(b).

Paragraph 14 of the Second Amended Complaint states, "In a sworn

statement, Don Taylor, the president of SKLAR, responded that no

person at SKLAR was involved in developing the curettes it
sourced from India."  Second Amended Complaint paragraph 14.
This statement is the extent of Plaintiff's concrete pleadings
regarding any fraudulent misrepresentation.  This single
statement and the more narrow time frame given for the fraudulent
activity does not satisfy the particularity requirements of Rule
9(b).

   To establish a fraudulent misrepresentation claim, a
plaintiff must allege (1) a misrepresentation, (2) a fraudulent
utterance thereof, (3) an intention by the maker that the
recipient will thereby be induced to act, (4) justifiable
reliance by the recipient upon the misrepresentation and (5)
damage to the recipient as a proximate cause.  Petruska v. Gannon
Univ., 462 F. 3d 294, 310 (3d Cir. 2006).  Plaintiff attempts to
prove it has met the requirements for fraudulent
misrepresentation via a chart on page 10 of its response to
Defendant's motion.  However, almost none of the paragraphs to
which Plaintiff directs the Court's attention are relevant to the
fraudulent misrepresentation claim.  Nearly all of the paragraphs
of the Second Amended Complaint cited by Plaintiff provide
information relevant only to the breach of contract claim.  Most
of the information in the complaint references Defendant's
failure to respond to Plaintiff's requests for certain
information (e.g. "SKLAR did not inform BIONIX that . . . ."

paragraphs 20 - 23; "SKLAR never informed BIONIX . . . ."
paragraph 26; "Due to SKLAR's failure to inform BIONIX . . . ."
paragraph 28) which the Court has already ruled cannot be a basis
for Plaintiff's claim.  See Doc. No. 30, page 6.

The only information provided in the complaint which is
relevant to the fraudulent misrepresentation is Paragraph 14 of
the Second Amended Complaint which references an affirmative
statement made by Defendant regarding production of certain of
Defendant's products in India.  However, Plaintiff does not give
details as to what the exact statement was, when it was made, to
whom it was made, or the context in which the statement was made.
Plaintiff has not provided enough information to put Defendant on
notice as to the specific misconduct Defendant is charged with
having committed.

Plaintiff has failed for the third time to meet the
particularity requirements of Rule 9(b) and therefore Defendant's
Motion to Dismiss Plaintiff's fraudulent misrepresentation claim
is granted.  The fraudulent misrepresentation claim is dismissed
with prejudice.[2]

## B.  Negligent Misrepresentation

Plaintiff has pled sufficient facts for its negligent

---

[2]Plaintiff will not be granted further leave to amend the complaint as Plaintiff has already had three opportunities to draft a complaint and the Court feels any further amendments would be futile.

misrepresentation claim to withstand a motion to dismiss.  Courts in the Third Circuit have generally declined to apply the more stringent pleading requirements of Rule 9(b) to claims of negligent misrepresentation.  See, e.g.,  Hanover Ins. Co. v. Ryan, 619 F. Supp. 2d 127, 142 (E.D. Pa. 2007), Brandow Chrysler Jeep Co. v. DataScan Technologies, 511 F. Supp. 2d 529, 537 (E.D. Pa. 2007), Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 834 (E.D. Pa. 2001).  Therefore, only the more lenient standard of Rule 8(a) applies to this claim.

Negligent misrepresentation requires proof of (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.  Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999).  A claim for negligent misrepresentation fails in the absence of a duty to disclose.  As with fraudulent non-disclosure and misrepresentation by omission, as a threshold matter plaintiff must identify the existence of a duty owed by one party to the other.  Id.  However, Pennsylvania courts have found that a claim for negligent misrepresentation can stand when one assumes a duty to tell the truth by making an affirmative representation.  Gibbs v. Ernst, 647 A.2d 882, 891 (Pa. 1994).

The Second Amended Complaint provides sufficient evidence of

affirmative statements by Defendant to Plaintiff which would give
rise to a duty to disclose.  In the Second Amended Complaint,
Plaintiff asserts that Don Taylor, the president of Sklar,
affirmatively represented that no person at Sklar was involved in
developing the curettes it sourced from India.  Second Amended
Complaint paragraph 14.  Even when parties are adverse to each
other, the recipient of misrepresentations of fact may be
justified in relying on the representations.  <u>See</u> Restatement
(Second) of Torts Section 541A.  Plaintiff asked Defendant to
identify the ear curettes it was selling and Defendant
misrepresented that it was only making, importing, buying and
selling and only planned to make, import, buy or sell, curettes
similar to Pre-1998 Bionix Curettes and covered by the Listed
Patents of Bionix and that it was not involved in developing the
curettes it sourced from India.  Defendant assumed a duty to tell
the truth by making an affirmative representation in response to
a direct question.

Given these facts, the Court will allow Plaintiff to proceed
with its negligent misrepresentation claim.


**C.  Statute of Limitations**

Defendant requests that this Court dismiss Plaintiff's
negligent misrepresentation claim as untimely.  Defendant argues
that Plaintiff knew of Defendant's sale of curettes in violation

of the 2004 Settlement Agreement in 2006 and therefore knew of

any misrepresentation at that time.  Defendant argues that

Pennsylvania's two year statute of limitations for negligent

misrepresentation claims should apply and therefore Plaintiff's

negligent misrepresentation claim is time barred.

This Court finds it is not appropriate to dismiss

Plaintiff's negligent misrepresentation claim as time barred at

the motion to dismiss phase.  Federal Rule of Civil Procedure

12(b) states that "[e]very defense . . . shall be asserted in the

responsive pleading thereto if one is required, except that the

following defenses may at the option of the pleader be made by

motion . . . ."  Fed. R. Civ. P. 12(b).  Since the defenses

listed in Rule 12(b) do not include limitations defenses, a

limitations defense must be raised in the answer.  Robinson v.

Johnson, 313 F.3d 128, 136 (3d Cir. 2002).

However, the Third Circuit Court of Appeals has held that a

defendant may assert a statute of limitations defense via a

motion to dismiss if the time alleged in the statement of a claim

shows that the cause of action has not been brought within the

statute of limitations period.  Id.  Statute of limitations

issues normally implicate factual questions regarding when the

plaintiff discovered or should have discovered the elements of

the cause of action; therefore a defendant bears a heavy burden

in seeking to establish as a matter of law that the challenged

claims are barred.  Van Buskirk v. Carey Canadian Mines, Ltd.,
760 F.2d 481, 498 (3d Cir. 1985).  "If the bar is not apparent on
the face of the complaint, then it may not afford the basis for a
dismissal of the complaint under Rule 12(b)(6)."  Robinson v.
Johnson, 313 F.3d at 136 (citing Bethel v. Jendoco Constr. Corp.,
570 F.2d 1168, 1174 (3d Cir. 1978)).

      Defendant has failed to meet its burden in seeking to
establish that Plaintiff's negligent misrepresentation claim is
time barred as a matter of law.  Nothing in the Second Amended
Complaint points to an exact date or time period in which
Plaintiff became aware of the alleged misrepresentations made by
Defendant during negotiation of the 2004 Settlement Agreement.
Defendant argues that because Plaintiff knew in 2006 about the
sale of curettes that allegedly violated the 2004 Settlement
Agreement that Pennsylvania's two year statute of limitations for
negligent misrepresentation has run.  However, Plaintiff's
statements regarding the sale of the "initial infringing
curettes" appear to relate only to Plaintiff's breach of contract
claim.  Plaintiff makes no representations in the Second Amended
Complaint regarding the date it became aware of the Defendant's
misrepresentations.

      In Plaintiff's brief in opposition to this motion, it claims
that it first learned of the misrepresentations on March 5, 2008.
If Bionix did in fact learn of the fraudulent statements on March

5, 2008, it puts Bionix well within the statute of limitations
period for negligent misrepresentation claims under both Ohio and
Pennsylvania law.[3]  However, even disregarding Bionix's most
recent statement that it learned of the fraud in March of 2008,
Defendant's argument still fails because Defendant is required to
show that the statute of limitations has run based on the face of
the complaint.  Robinson v. Johnson, 313 F.3d at 136.  Since the
Second Amended Complaint does not give a date or time period as
to when Bionix first learned of Sklar's misrepresentations, the
claim cannot be dismissed as time barred at the motion to dismiss
phase of this case.


**D.   "Gist of the Action" Doctrine**

     Defendant requests that this Court dismiss Count Two of
Plaintiff's Second Amended Complaint under the "Gist of the
Action" Doctrine.  In Pennsylvania, the "Gist of the Action"
doctrine prevents parties to a contract from asserting claims of
fraud when the fraud claims stem from the obligations imposed by
the contract.  Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d
710, 719 (Pa. Super. Ct. 2005).[4]  The doctrine is designed to

---

     [3] This court does not address the issue of whether Ohio's four year
statute of limitations or Pennsylvania's two year statute of limitation
applies in this case because it is not dispositive.

     [4] Although the Pennsylvania Supreme Court has never adopted the "Gist of
the Action" Doctrine, both the Pennsylvania Superior Court and a number of
United States District Courts have followed the doctrine.  See, e.g., Etoll,
Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002);
Bash v. Bell Tel. Co. of Pennsylvania, 601 A.2d 825 (Pa. Super. Ct. 1992);

maintain the distinction between breach of contract claims and tort claims and to preclude plaintiffs from recasting ordinary breach of contract claims into tort claims.  <u>Etoll, Inc. v. Elias/Savion Adver., Inc.</u>, 811 A.2d 10, 14 (Pa. Super. Ct. 2002). Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.  <u>Bash v. Bell Tel. Co.</u>, 601 A.2d 825, 829 (Pa. Super. Ct. 1992); <u>see</u> <u>Cottman Transmission Systems v. Kershner</u>, 536 F. Supp. 2d 543, 555-56 (E.D. Pa. 2008).  "In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied in the law of torts."  <u>Bash v. Bell Tel. Co.</u>, 601 A.2d at 830.

At this point, the Court does not believe it is appropriate to dismiss Plaintiff's negligent misrepresentation claim based on the "Gist of the Action" Doctrine.  Defendant argues that Plaintiff's claim of negligent misrepresentation merely reiterates Plaintiff's breach of contract claim because the alleged duties at issue arose in the course of the parties' contractual relationship.  Plaintiff's Second Amended Complaint and its Brief in Opposition to Sklar's Motion to Dismiss

---

<u>Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.</u>, 123 F. Supp. 2d 826, 833 n. 11 (E.D. Pa. 2000).

frequently intertwine the discussion of the negligent misrepresentation claim and the breach of contract claim. However, despite this confusion, Plaintiff makes out a separate claim of negligent misrepresentation that is sufficient to withstand a motion to dismiss.[5]

Defendant misrepresented in a sworn statement that it was not involved in developing curettes that Defendant sourced from India.  Plaintiff argues that Defendant's duty to Plaintiff to provide truthful information arose due to the affirmative nature of the response and not from the obligations as defined by the terms of the 2004 Settlement Agreement.  This affirmative statement gave rise to a duty that was separate and independent from the duties determined by the settlement agreement. Therefore, the Court declines to dismiss Plaintiff's negligent misrepresentation claim.

In the light most favorable to the Plaintiff, it has adequately pled a cause for negligent misrepresentation and, as such, the Motion to Dismiss the negligent misrepresentation claim in Count II is denied.

---

[5] However, should the claim fail to remain distinct, the Court is open to reconsidering the issue at a later phase of the case.